

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| JULIA B. SMITH, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:09-cv-2061-HFF-BHH |
| | § | |
| CITY OF GREENWOOD, | § | |
| MATHIS PLUMBING & HEATING CO., | § | |
| INC. and JAMES H. MATHIS, | § | |
| STEVEN J. BROWN, LAWRENCE OUZTS | § | |
| and RONNIE POWELL, | § | |
| in their individual capacities, | § | |
|     Defendants. | § | |

## ORDER

This case was filed as an employment discrimination action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant Brown, Ouzts, and Powell's (Defendants) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

On November 11, 2009, Defendants Brown, Ouzts, and Powell filed a motion to dismiss Plaintiff's civil conspiracy claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that Plaintiff's claim is barred by the two-year statute of limitations period under the South Carolina Tort Claims Act ("SCTCA" or "Act"). In her response filed December 29, 2009, Plaintiff maintains that, because she brought suit against Defendants in their individual capacities for actions which extended beyond the scope of their official duties, the SCTCA and its limitations provision did not apply to her claim. On May 13, 2010, the Magistrate Judge issued her Report finding that the SCTCA and its statute of limitations did not apply to Plaintiff's civil conspiracy claim and recommending that this Court deny Defendants' motion to dismiss. Defendants filed their objections to the Report, along with a motion to certify a question of law to the South Carolina Supreme Court, on June 1, 2010.

Defendants raise three principal objections to the Report: (1) the Magistrate Judge addressed a different issue from the one at bar; (2) the Magistrate Judge disregarded the "clear ruling" of the South Carolina Court of Appeals' conclusion in *Flateau v. Harrelson* regarding the application of the SCTCA's statute of limitations; and (3) the Magistrate Judge failed to apply state substantive law. In the alternative to their motion to dismiss, Defendants move to certify to the South Carolina Supreme Court the question of whether the SCTCA's limitations provision applies to a claim brought against a governmental employee in his individual capacity regardless of whether the employee's conduct falls outside or within the scope of his official duties.

1. The Magistrate Judge addressed the proper issue

Defendants object that the Magistrate Judge failed to address the relevant issue. (Objections 7.) While the Magistrate Judge focused on whether Defendants would be liable under the SCTCA, Defendants maintain the proper issue was instead "whether the SCTCA statute of limitations applies to [Plaintiff's] civil conspiracy claim against the City Employees regardless of whether their conduct was within or outside the scope of their official duties." *Id.* To the extent the Report "focused" on the potential liability of the Defendants, however, it did so because discussion of Defendants' liability goes directly to the issue of whether the SCTCA and its limitations period applies: "The defendants would be liable, therefore, if at all, only to the extent their conduct, in fact, proved of the kind left *expressly beyond the reach* of the SCTCA." (Report 6 (emphasis added).)

As discussed at length below, the SCTCA applies only when the complaint alleges actions falling within the scope of a governmental employee's official duties, actions for which the employee would be immune from liability under the SCTCA. *See Flateau v. Harrelson*, 355 S.C. 197, 204, 584 S.E.2d 413, 416 (S.C. Ct. App. 2003) ("The Act is intended to cover those actions committed by an employee within the scope of the employee's official duty."). Therefore, if the Complaint alleges actions for which the government employee would be individually liable, the claim is not brought pursuant to the SCTCA and, consequently, is not subject to the two-year limitations period. *Id.* at 206 ("[T]he efficacy of the Tort Claims Act is protection of governmental employees acting in the scope of official duties."). The Magistrate Judge thus properly addressed the issue of whether the SCTCA's statute of limitations applies to actions that fall outside the scope of an employee's official duties.

## 2. The Magistrate Judge properly applied the South Carolina Court of Appeals' decision in *Flateau v. Harrelson*

Secondly, Defendants object that the Magistrate Judge failed to apply the "clear ruling" of the South Carolina Court of Appeals' decision in *Flateau v. Harrelson*, 355 S.C. 197 (S.C. Ct. App. 2003) (Objections 8). Defendants claim that the SCTCA statute of limitations, S.C. Code Ann. § 15-78-110, applies to Plaintiff's civil conspiracy claim regardless of whether Defendants' conduct was within or outside the scope of their official duties. Buttressing their claim, Defendants rely on the following statement in *Flateau*: "We rule the two-year [SCTCA] statute of limitations applies even if the [individual defendants] acted outside the scope of their official duties or if their actions constituted fraud, actual malice, intent to cause harm, or a crime of moral turpitude." *Flateau*, 355 S.C. at 209. Rather than apply this "clear ruling," Defendants contend the Magistrate Judge improperly "re-interpret[s]" the *Flateau* decision by concluding that the court "meant" to state that the two-year limitations period applies *because* the Complaint implicated the SCTCA in the first instance by alleging conduct within the scope of the individual defendants' official duties. (Objections 10-11).

### (a.) Defendants overstate *Flateau*'s authoritative weight

To begin with, Defendants overstate the authoritative weight of the *Flateau* conclusion. Despite the court's language (i.e., "We rule . . ."), its statement on the limitations period is far from the "clear ruling" of the Defendants' characterization. The court never needed to reach the limitations issue as to acts occurring outside the scope of employment because it concluded that the Defendants' actions were within the scope of their official duties and were thus immune from liability under the SCTCA. *Flateau*, 355 S.C. at 206. To the extent the court's discussion of the

4

application of the SCTCA's limitations provision was therefore unnecessary to the determination of the rights of the parties, it was dicta. *See New England Mut. Life Ins. Co. v. Mitchell*, 118 F.2d 414, 420 (4th Cir. 1941) ("[T]his court . . . has never held itself bound by any part of an opinion, in any case, which was not needful to the ascertainment of the right or title in question between the parties.") (quoting *Carroll v. Carroll*, 57 U.S. 275, 287 (1853)). Even in diversity cases, federal courts are not bound by dicta from state court opinions. *Id.* at 419 ("[M]ere dicta have never been received as conclusive evidence of the law of any state, and clearly they ought not be followed when opposed to what we regard as the sound and reasonable rule arising out of the common law of the state."); *Powell v. Maryland Trust Co.*, 125 F.2d 260, 269 (4th Cir. 1942).

(b.) Defendants' interpretation of *Flateau*'s limitations conclusion ignores its context

Even if *Flateau*'s conclusion on the Act's limitations period carried the weight Defendants would attribute it, however, the Magistrate Judge's interpretation is not only reasonable, but gives effect to the larger import of the *Flateau* decision. Rather than disregarding *Flateau*, then, the Magistrate Judge rescues the decision's limitations conclusion from the Defendants' attempt to wrest it from context. *Flateau's* statement that the limitations period applies regardless of whether an employee's actions fall within or outside the scope of his official duties appears only after the court concludes that the SCTCA applies in the first instance because of the allegations of the complaint:

> We hold the *complaints* [of the plaintiffs] allege torts committed by the Board members *while acting within the scope of their official duty*. The [SCTCA] provides the exclusive remedy for torts committed by an employee of a governmental entity *while acting with the scope of the employee's official duty*. *See* S.C. Code Ann. § 15-78-200 (Supp. 2002). Thus, the claims of [the plaintiffs] are governed by the [SCTCA].

5

*Flateau*, 355 S.C. at 208 (emphasis added). Thus, whether the alleged actions fall within or outside the scope of an employee's official duties is a threshold issue in determining if the SCTCA applies. *Id*. at 204 ("The Act is intended to cover those actions committed by an employee *within the scope of the employee's official duty*.") (*citing* S.C. Code Ann. §15-78-20(f)) (emphasis added).

Accordingly, as the Magistrate Judge properly points out, whether the Act applies turns on the way the allegations in the complaint are pled. *Id*. The court in *Flateau* begins its analysis of whether the Act applies by observing that "nowhere in their complaints do [the plaintiffs] allege that the Board members' actions were outside the scope of their official duty." *Id*. Furthermore, the court emphasizes that "[t]he pleadings unequivocally allege that the [individual employees] were meeting and acting together *as the South Carolina Commission for the Blind . . .* and voting *in their capacity as Commissioners* to take the actions in question." *Id.* (emphasis added). All of these events, the court maintains, constitute "duties and actions that are about the official business of the Commission." *Id*. at 205. Therefore, the *Flateau* court concluded, because the complaints allege actions falling within the scope of the employees' official duties, "[w]e find the claims [of the plaintiffs] are subject to the Tort Claims Act." *Id*. at 206.

Only after concluding that the SCTCA applies *because* the allegations in the complaint cover actions falling within the scope of the employee's official duties does the court turn to the limitations issue. *Id*. at 208. The court states that § 15-78-70(b), which "lifts the immunity normally enjoyed by governmental employees if they act outside the scope of their employment or their actions constitute" intentional torts, is subject to the two-year limitations period because § 15-78-70(b) is "part of the general Tort Claims Act statutory scheme." *Id*.

6

Though § 15-78-70(b) is a "part of the general statutory scheme," it does not follow, as Defendants suggest, that the provision brings within the ambit of the SCTCA claims against individual governmental employees whose actions fall outside the scope of their official duties. *See Frazier v. Badger*, 361 S.C. 94, 101, 603 S.E.2d 587 (2004) (noting that immunity under § 15-78-70(a)-(b) is "an affirmative defense that must be proved by the defendant at trial."). Indeed, by its own terms, the SCTCA contemplates such claims as falling outside the scope of the remedy provided by the Act: "The remedy provided by the [SCTCA] is the exclusive civil remedy for any tort committed by a governmental entity, its employees, or its agents *except as provided in §15-78-70(b)*."* S.C. Code Ann. §15-78-20(b) (emphasis added). *See Flateau*, 355 S.C. at 206 ("The remedy mandated in the Act is legal action initiated against the governmental entity rather than the individual governmental employee.").

(c.) <u>Defendants' interpretation contravenes the policies underlying the Act</u>

In addition to providing the proper context for the *Flateau* court's limitations conclusion, the Magistrate Judge's interpretation also gives effect to the policies animating the SCTCA. Central to the legislative purpose of the SCTCA is limiting the liability of governmental entities. *See* S.C. Code Ann. § 15-78-200 (stating that the Act "must be liberally construed in favor of limiting liability of the governmental entity."). In a provision entitled in part "Legislative findings; declaration of public policy," the Act emphasizes the policies motivating such reduced liability for governmental entities: "The General Assembly recognizes the potential problems and hardships each governmental

---

*Section 70(b) provides, "(b) Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b).

7

entity may face being subjected to unlimited and unqualified liability for its actions." S. C. Code Ann. § 15-78-20. *See also id*. ("The General Assembly finds that while a private entrepreneur may be readily held liable for negligence of his employees within the chosen ambit of his activity, the area within which the government has the power to act for the public good has been without limit").

Further, while the drafters intended to limit the liability of governmental entities, they did not intend to extend similar immunity to individual employees who commit intentional torts outside the scope of their employment. S.C. Code. Ann. § 15-78-70(b); S.C. Code Ann. §15-78-60(17) (exempting governmental entities from liability arising from intentional torts committed by the entity's employees). If this Court were to adopt Defendants' interpretation of *Flateau*, so that any intentional tort committed by a governmental employee would be subject to a two-year limitations period merely by virtue of the identity of his employer, it would contravene the express purpose of the SCTCA. Because the SCTCA seeks to limit the liability of governmental entities, rather than for governmental employees who act outside the scope of their employment, the statutory scheme would not be offended by subjecting Defendants to a longer limitations period.

### 3. The Magistrate Judge properly applied state substantive law

Defendants lastly object that the Magistrate Judge failed to apply state substantive law as federal courts are required to do when presented with state law claims. (Objections 9.) As discussed above, the Magistrate Judge reasonably interpreted the South Carolina Court of Appeals' decision in *Flateau* to conclude that the SCTCA's limitations provision does not apply where a complaint alleges actions by governmental employees that fall outside the scope of their official duties or constitutes intentional torts. The Magistrate Judge's failure to adopt Defendants' interpretation of *Flateau* does not amount to a disregard of state law.

8

Defendants further argue that the Magistrate Judge improperly relied on the South Carolina Court of Appeals' decision in *Moore by Moore v. Berkeley County School Dist.*, 326 S.C. 584, 586-87, 486 S.E.2d 9, 11 (S.C. Ct. App. 1997), because *Moore* addressed the SCTCA's immunity provisions, not its statute of limitations provisions. (Objections 11-12.) However, as discussed above, the Magistrate Judge's discussion of immunity under the SCTCA is directly relevant to the issue of whether the SCTCA applies in the first instance. Because the Act does not create a cause of action against government employees for conduct that falls outside the scope of the employee's official duties, the standards that determine whether a governmental entity is liable for the actions of its employees under the Act also govern in determining whether a claim against an individual employee is brought pursuant to the SCTCA in the first instance. *See Flateau*, 355 S.C. at 206 ("[T]he efficacy of the Tort Claims Act is protection of governmental employees acting in the scope of official duties.").

While the Court interprets *Flateau* to maintain that the SCTCA and, accordingly, its statute of limitations provision do not apply to complaints alleging actions performed in a governmental employee's individual capacity and which go beyond the scope of the employee's official duties, it makes no determination at this time on whether Defendants' actions were, in fact, outside the scope of their employment. The Court accepts as true Plaintiff's allegations that the Defendants' actions were performed "in their individual capacities" and were "outside the course and scope of their employment" (Am. Compl. ¶ 29) solely for the purpose of ruling on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted) ("In considering a [12(b)(6) motion], the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the

9

plaintiff."). Defendants remain free to raise the statute of limitations issue later in a motion for summary judgment.

### 4. Certification to the South Carolina Supreme Court is unwarranted

In the alternative, Defendants move to certify the question of whether the SCTCA's limitations provision applies to a civil conspiracy claim brought against a government employee in his individual capacity regardless of whether the employee's conduct falls outside or within the scope of his official duties or constitutes an intentional tort. Certification of an issue to a state court is appropriate "only if the available state law is clearly insufficient." *Roe v. Doe,* 28 F.3d 404, 407 (4th Cir. 1994) (*citing Smith v. FCX, Inc.,* 744 F.2d 1378, 1379 (4th Cir. 1984)). The fact that the South Carolina Supreme Court has not addressed the issue at bar, is not dispositive in determining whether certification is necessary. *See id.* ("Where there is no case law from the forum state which is directly on point, the district court attempts to do as the state court could do if confronted with the same fact pattern."); *Wilson v. Ford Motor Co.*, 656 F.2d 960 (4th Cir. 1981) (noting that federal courts are to "forecast" what state courts would hold if presented with an issue, even if the issue has not been addressed by the state supreme or appellate courts). Given the Court's construction of the ruling in *Flateau*, as discussed above, certification is unnecessary. The South Carolina Court of Appeals' ruling in *Flateau*, along with ordinary principles of statutory construction, provides adequate guidance for the Court to decide the issue at bar.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion to dismiss is **DENIED**.

Further, Defendants' motion to certify a question of law to the South Carolina Supreme Court is **DENIED**.

    **IT IS SO ORDERED**.

Signed this 14th day of June, 2010, in Spartanburg, South Carolina.

                                         s/ Henry F. Floyd
                                         HENRY F. FLOYD
                                         UNITED STATES DISTRICT JUDGE