# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Julia B. Smith, | ) |
| Plaintiff, | ) Civil Action No. 8:09-cv-02061-JMC |
| v. | ) **OPINION AND ORDER** |
| City of Greenwood; Mathis Plumbing & Heating Co., Inc.; and James H. Mathis, Steven J. Brown, Lawrence Ouzts, and Ronnie Powell, in their individual capacities, | ) |
| Defendants. | ) |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 88], filed on February 10, 2012, recommending that Defendants James H. Mathis ("Mathis") and Mathis Plumbing & Heating Co., Inc.'s (collectively the "Mathis Defendants") Motion for Summary Judgment [Doc. 69] and Defendants City of Greenwood (the "City"), Steven J. Brown ("Brown"), Lawrence Ouzts ("Ouzts"), and Ronnie Powell's ("Powell") (collectively the "Greenwood Defendants") Motion for Summary Judgment [Doc. 70] be granted. Plaintiff's Amended Complaint sets forth a cause of action for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), interference with contractual relations,[1] and civil conspiracy in relation to the termination of her employment with the City.

---

[1] In her response in opposition to the Mathis Defendants' Motion for Summary Judgment, Plaintiff stipulated to the dismissal of her intentional interference with contractual relations claim. Accordingly, Plaintiff's claim for intentional interference with contractual relations is dismissed with prejudice.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Plaintiff filed objections to the Magistrate Judge's Report. [Doc. 91]. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summary is accurate. The court adopts this summary as its own, and will only reference facts pertinent to the analysis of Plaintiff's objections. Further, the Report and Recommendation sets forth the relevant legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

**Civil Conspiracy**

Plaintiff objects that the Magistrate Judge erred in finding that the record contains no evidence that Mathis, Brown, Ouzts, and Powell joined together for the purpose of injuring Plaintiff. Specifically, Plaintiff objects that the Magistrate Judge appears not to have considered the "Firriolo situation," an incident which seems to have involved a controversy over permits for work done by Mathis's company. Plaintiff alleges that "it is too much of a coincidence that Mr. Mathis just happened to complain about Plaintiff [to Brown] after [Plaintiff] wrote a statement for Mr. Firriolo." [Doc. 91]. Contrary to Plaintiff's assertion, the Magistrate Judge expressly addressed Plaintiff's argument regarding the Firriolo situation in the Report and noted that Plaintiff has stated that she was just guessing about Mathis's involvement in her termination and that she was not aware of any meetings involving Mathis where Plaintiff's termination was discussed.

Plaintiff further argues that contrary to the Magistrate Judge's finding in the Report, Mathis identified Plaintiff in his complaint about Plaintiff's alleged act of continuing with a personal phone call while Mathis waited for service. In support of her argument, Plaintiff cites to Mathis's deposition testimony in which he states that he identified Plaintiff in making his complaint, but that he did not mention her name. However, the Magistrate Judge's Report is consistent with Mathis's deposition testimony and merely notes that Mathis stated that he did not identity Plaintiff by name when he complained about the poor service that Plaintiff allegedly provided.

The court finds that Plaintiff's objections regarding her claim for civil conspiracy are mere restatements of the arguments made in her response in opposition to the Mathis Defendants' Motion for Summary Judgment. The court finds that the Magistrate Judge appropriately addressed

Plaintiff's arguments in the Report and that Defendants are entitled to summary judgment on Plaintiff's civil conspiracy claim.

**Race Discrimination**

Plaintiff objects that the Magistrate Judge erred in finding that Plaintiff failed to establish that the City's proffered reason for Plaintiff's termination was merely pretext. Specifically, Plaintiff argues that the City's assertion that it terminated Plaintiff's employment because she made personal telephone calls at work is merely pretext because a white employee also made personal telephone calls at work, but was not terminated.

Plaintiff further argues that her position as officer manager was not appropriately acknowledged by her supervisors in that they would channel information through another employee rather than telling Plaintiff. Plaintiff argues that she complained to Powell that she felt as if a lower ranking employee was her supervisor despite Plaintiff's title as office manager, but Powell "would just deny the matter." [Doc. 91]. Plaintiff argues that a lower ranking employee did not properly inform Plaintiff when the employee left early for the day and that her complaints about these actions were not appropriately addressed. Plaintiff argues that she was not able to accumulate "comp time" although another employee was able to do so. Plaintiff further argues that she was ostracized and ignored, verbally attacked, criticized for her hair styles, treated in a mean way, and given a less favorable parking spot than an employee with less seniority. Plaintiff argues that Ouzts was rude to Plaintiff's sister. Plaintiff also argues that Powell once stated to Plaintiff, "I am good to you people." Plaintiff asserts that she felt Powell's comment referred to her race. Finally Plaintiff asserts that when she approached Brown about a raise, Brown compared Plaintiff's pay to the pay of two black females who did not work in Plaintiff's department.

4

Although Plaintiff has presented the court with numerous examples of alleged inappropriate treatment related to her employment, Plaintiff has failed to demonstrate to the court that the City's articulated reason for the termination of Plaintiff's employment was false and that discrimination was the actual motivation for the termination. As the Magistrate Judge noted, Plaintiff has admitted to making personal phone calls from work. Plaintiff argues that other employees made personal calls at work and were not terminated. However, Plaintiff has failed to provide the court with any evidence that her use of the work phone to make personal phone calls was of the same nature and frequency as that which she alleges of other employees or that her supervisors were aware that other employees were making such calls. Accordingly, the court finds that Plaintiff's race discrimination claim fails.

**Retaliation**

Plaintiff objects that the Magistrate Judge erred in finding that Plaintiff failed to establish a prima facie case of retaliation under Title VII. Plaintiff further reasserts her objection that the Magistrate Judge erred in finding that Plaintiff failed to establish that the City's proffered reason for terminating her employment was merely pretext. The court finds that Plaintiff's objections regarding her retaliation are a reiteration of the arguments made in her response in opposition to the Greenwood Defendants' Motion for Summary Judgment. Further, as discussed above, Plaintiff has failed to demonstrate that the City's articulated reason for the termination of Plaintiff's employment was merely pretext. The court finds that the Magistrate Judge appropriately addressed Plaintiff's arguments in the Report and that Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

## CONCLUSION

It is therefore **ORDERED** that Defendants James H. Mathis and Mathis Plumbing & Heating Co., Inc.'s Motion for Summary Judgment [Doc. 69] and Defendants City of Greenwood, Steven J. Brown, Lawrence Ouzts, and Ronnie Powell's Motion for Summary Judgment [Doc. 70] be **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 22, 2012
Greenville, South Carolina